| | |
|---|---|
| **From:** | Kim Brown |
| **To:** | Jeannie Andresen |
| **Subject:** | JCPenney Case # 20-20182 (DRJ) |
| **Date:** | Thursday, October 8, 2020 4:54:02 PM |

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Date: 10/8/2020
Subject: Regarding JC Penney's restructuring plan for grossly undervalued real estate

To the honorable Judge Jones,

As you are aware, there are a number of complaints of grossly undervalued debtors' assets, including its real estate.  First lien majority creditors and debtors valued the real estate of 160 stores and distribution centers for 1B USD . It is a gross undervaluation.  To value debtors' real estate fairly and **have real market value as a prop co**, **the prop co should be auctioned, just as the op co**.  The prop co's value will pay for the first lien creditors, any value above debtors' first lien debts is owned by debtors' other stakeholders (unsecured stakeholders, shareholders).

The Prop co, can spin off as a REIT, and do IPO.  The value of the Prop co is largely greater than the 1B USD the first lien creditors offered.  Debtor can focus on its retail business, and resume remaining debts and shares without selling the op co to its landlords with another grossly undervalued 800M.  JC Penney proposed the Restructuring Plan,  it can also change the Restructuring plan to make all stakeholders whole and keep the jobs which J C Penney and its attorneys repeatedly touted as their intention to the court.  **The reason that JC Penney wants to give up its real estate and retail assets cheaply to first lien creditors and landlords at the cost of wiping off other stakeholders is not legally justified**. **There are options to make all stakeholders whole fairly and equitably.**


Best regards,
A long-term shareholder

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| | |
|---|---|
| **From:** | Newark Garden Hotel |
| **To:** | Jeannie Andresen |
| **Subject:** | JC Penney, Case No. 20-20182 (DRJ) |
| **Date:** | Wednesday, October 7, 2020 10:36:34 AM |

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Dear Honorable David R. Jones

I own a significant position of the unsecured bonds.
I partially favor the motion being heard today from the minority first lien creditors. I also feel the proposed sale propco is immoral and unjustly transfers assets to the first lien creditors far in excess of their claims to the detriment of the other stakeholders.
I also feel the sale to Simon et al of opco also transfers those assets far below their market value.
The points raised by the today's motion indicating that the actions of the debtor and first lien holders have prevented other bidders coming forward to purchase propco assets also applies to opco. The entire sale should be canceled.
The economic collapse, supposedly destroying debtor, that was feared at the filing in May, has not materialized. The debtor carries a large cash balance. The sale should be canceled as not in the best interest of all the stakeholders.
I recommend that the court rule in favor of the declaration of Willaim Snyder, Document 1454
The economy is dramatically better than when these agreements were negotiated.
They should all be cancelled to prevent the improper enrichment of a small number of the stakeholders at the expense of the majority of the stakeholders.
Debtor should operate through the remainder of the fiscal year.
The debtor can review all options in the Spring of 2021. There is no economic reason for the debtor to sell all of its assets at a fraction of their market value. They have no current liquidity issue. "Haste makes waste" applies to the current case.
David A. Scheer
Usecured Creditor

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.